UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CATHERINE TENGA,

                      Plaintiff,

      -against-

SOFTHEON, INC.

                      Defendant.
------------------------------------------------------------------X

**ANSWER AND COUNTERCLAIMS**

Index No. CV-05-1353

(Judge Weinstein)
(Mag. Judge Lindsay)

The Defendant, Softheon, Inc. (hereinafter referred to as "Defendant"), by and through its attorneys, Kaufman, Schneider & Bianco, LLP, 390 North Broadway, Jericho, New York 11753, as and for its Answer and Counterclaims to the subject Complaint, set forth the following:

## AS AND FOR DEFENDANT'S RESPONSES

1. Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant neither admits nor denies the allegations set forth in Paragraph 2 of the Complaint as they are not allegations of fact, but rather jurisdictional statements.

3. Defendant neither admits nor denies the allegations set forth in Paragraph 3 of the Complaint as they are not allegations of fact, but rather jurisdictional statements; except that Defendant denies any allegation of unlawful practices.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Defendant neither admits nor denies the allegations set forth in Paragraph 5 of the Complaint as they are not allegations of fact, but conclusions of law.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant neither admits nor denies the allegations set forth in Paragraph 7 of the Complaint as they are not allegations of fact, but conclusions of law.

8. Defendant, in response to Paragraphs 1 through 7 of the Complaint, repeats and realleges each and every answer contained in Paragraphs 1 through 7 of this Answer and Counterclaims as though fully set forth herein.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint to the extent that Plaintiff reported to the Director of Documentation and Communications. Defendant admits the allegations set forth in Paragraph

12 of the Complaint to the extent that Plaintiff reported to the Director of Marketing.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant, in response to Paragraphs 1 through 15 of the Complaint, repeats and realleges each and every answer contained in Paragraphs 1 through 15 of this Answer and Counterclaims as though fully set forth herein.

17. Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant, in response to Paragraphs 1 through 21 of the Complaint, repeats and realleges each and every answer contained in Paragraphs 1 through 21 of this Answer and Counterclaims as though fully set forth herein.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant, in response to Paragraphs 1 through 25 of the Complaint, repeats and realleges each and every answer contained in Paragraphs 1 through 25 of this Answer and Counterclaims as though fully set forth herein.

27. Defendant neither admits nor denies the allegations set forth in Paragraph 27 of the Complaint as they are not allegations of fact, but a prayer for relief.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

28. Upon information and belief, the claims for relief alleged in the Complaint fail to properly state, specify or allege, in whole or in part, a claim upon which relief may be granted.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the doctrine of unclean hands (misappropriation of company property).

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

30. The Complaint is barred, in whole or in part, because Plaintiff is estopped by her own conduct (including, but not limited to, misappropriation of company property) from obtaining relief, against Defendant.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

31. Plaintiff is exempt from receiving overtime pursuant to the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §201, *et seq*. and the New York State Department of Labor Regulations, 29 N.Y.C.R.R. §142-2.2, which in whole or part bars the prosecution of this action.

## AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM

32. Defendant is a corporation authorized to do business in the State of New York. It maintains a place of business in the State of New York at 1393 Veterans Memorial Highway, Hauppauge, Suffolk County.

33. Plaintiff was hired by Defendant in March, 2001.

34. Plaintiff received an employee handbook at the commencement of her employment with Defendant. While the handbook did not change the at-will nature of Plaintiff's employment with Defendant, the handbook existed as a contractual agreement between Plaintiff and Defendant not to disclose confidential information.

35. Plaintiff was terminated on August 12, 2003 for misappropriation of company property after Defendant learned of Plaintiff's unauthorized use of

proprietary interests of Defendant in conjunction with another, competing entity known as All Craft Marketing and Design (hereinafter "All Craft").

36. Plaintiff provided trade secrets and other proprietary interests of Defendant to All Craft for use on its webpage, as well as any other internal processes of All Craft which Defendant may be unaware of, while she was still employed by Defendant.

37. At no time during this period did Plaintiff request Defendant's permission to use Defendant's property.

38. As a result of Plaintiff's misappropriation of company property, Plaintiff engaged in a direct breach of contract in violation of the handbook.

39. Plaintiff's breach of contract has damaged Defendant in an amount not yet fully calculated, but believed to be in excess of $500,000.00.

## AS AND FOR DEFENDANT'S SECOND COUNTERCLAIM

40. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 39 of this Answer and Counterclaims as though fully set forth herein.

41. As a result of Plaintiff's misappropriation of company property, Plaintiff engaged in a direct breach of the implied obligation of commercial good faith.

42. Plaintiff's breach of contract has damaged Defendant in an amount not yet fully calculated, but believed to be in excess of $500,000.00.

## AS AND FOR DEFENDANT'S THIRD COUNTERCLAIM

43. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 42 of this Answer and Counterclaims as though fully set forth herein.

44. As a result of Plaintiff's misappropriation of company property, Plaintiff diverted corporate opportunities from Defendant by assisting and providing data to All Craft, a business in direct competition with Defendant.

45. Plaintiff's breach of contract has damaged Defendant in an amount not yet fully calculated, but believed to be in excess of $500,000.00.

## AS AND FOR DEFENDANT'S FOURTH COUNTERCLAIM

46. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 45 of this Answer and Counterclaims as though fully set forth herein.

47. As a result of Plaintiff's misappropriation of company property, Plaintiff engaged in the misappropriation and theft of Defendant's trade secrets.

48. Plaintiff's breach of contract has damaged Defendant in an amount not yet fully calculated, but believed to be in excess of $500,000.00.

## AS AND FOR DEFENDANT'S FIFTH COUNTERCLAIM

49. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 48 of this Answer and Counterclaims as though fully set forth herein.

50. As a result of Plaintiff's misappropriation of company property, Plaintiff engaged in unfair competition with Defendant by providing confidential information of Defendant to All Craft.

51. Plaintiff's breach of contract has damaged Defendant in an amount not yet fully calculated, but believed to be in excess of $500,000.00.

## AS AND FOR DEFENDANT'S SIXTH COUNTERCLAIM

52. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 51 of this Answer and Counterclaims as though fully set forth herein.

53. As a result of Plaintiff's misappropriation of company property, Plaintiff infringed on copyrights held by Defendant.

54. Plaintiff's breach of contract has damaged Defendant in an amount not yet fully calculated, but believed to be in excess of $500,000.00.

## AS AND FOR DEFENDANT'S SEVENTH COUNTERCLAIM

55. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 54 of this Answer and Counterclaims as though fully set forth herein.

56. As a result of Plaintiff's misappropriation of company property, Plaintiff committed an impermissible act of copyright infringement pursuant to the federal copyright laws, 17 U.S.C. §501, *et seq.* with regard to the exclusive rights of Defendant to particular copyrighted material.

57. Plaintiff is liable for all remedies available to Defendant pursuant to the federal copyright laws, 17 U.S.C. §501, *et seq*.

## AS AND FOR DEFENDANT'S EIGHTH COUNTERCLAIM

58. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 57 of this Answer and Counterclaims as though fully set forth herein.

59. As a result of Plaintiff's misappropriation of company property, Plaintiff violated the Computer Fraud and Abuse Act (hereinafter "CFAA"), as amended, 18 U.S.C. §1030, *et seq*. in that she had access to and removed information belonging to the Defendant for the benefit of All Craft.

60. Although not specifically known, Defendant suffered damages in excess of $5,000.00 because of Plaintiff's willful breach of the CFAA.

61. Plaintiff is liable for all remedies available to Defendant pursuant to the CFAA.

## AS AND FOR DEFENDANT'S NINTH COUNTERCLAIM

62. Defendant repeats and realleges each and every allegation contained in Paragraphs 32 through 61 of this Answer and Counterclaims as though fully set forth herein.

63. By the actions described above, Plaintiff breached her duty of loyalty to her employer, the Defendant.

64. Plaintiff's breach of her duty of loyalty has damaged Defendant in an amount not yet fully calculated, but believed to be in excess of $500,000.00.

WHEREFORE, it is respectfully requested that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that an accounting be conducted of Plaintiff's income, that a judgment be entered against the Plaintiff for any and all damages arising from the Counterclaims set forth herein, that an injunction be issued against Plaintiff barring Plaintiff's current and future use of any of Defendant's trade secrets and property, and that Defendant be awarded its reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
June 1, 2005

        Kaufman, Schneider & Bianco, LLP
        Attorneys for Defendant

        By: _____
        Jeffery A. Meyer, Esq. (JM-4468)
        390 North Broadway
        Jericho, New York 11753
        (516) 681-1100

To: Brian K. Saltz, Esq. (BS-5857)
     Attorney for Plaintiff
     500 Bi-County Boulevard, Suite 112
     Farmingdale, New York 11735
     (631) 439-0158

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHERINE TENGA,

                            Plaintiff,

                -against-

SOFTHEON, INC.

                           Defendant.
------------------------------------------------------------X

Index No. CV-05-1353

(Judge Weinstein)
(Mag. Judge Lindsay)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK}
                    } ss.:
COUNTY OF NASSAU }

    Barbara Logios, being duly sworn, deposes and says,

    That Deponent is not a party to this action, is over 18 years of age and resides at Merrick, New York;

    That on the 1st day of June 2005, Deponent served the within Defendant's First Set of Interrogatories, Answer and Counterclaims, Defendant's First Request for the Production of Documents, Defendant's Request for Admissions and Notice of Depositions upon:

Brian K. Saltz, Esq. (BS-5857)
Attorney for Plaintiff
500 Bi-County Boulevard, Suite 112
Farmingdale, New York 11735

at the address designed for that purpose by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, via regular mail in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                        _____
                                                              Barbara Logios

Sworn to before me this
1st day of June, 2005

_____
Notary Public

KEITH GUTSTEIN
Notary Public, State Of New York
No. 02GU5076497
Qualified In Nassau County
Commission Expires April 21, 20_07_